Van Hoesen, J.
Where a man sells an article for a particular purpose he undertakes that it shall be fit for that, particular purpose. Such is undoubtedly the rule where the choice is left to the vendor, and he selects and offers a specific thing as that which will suit the purchaser, but not where the purchaser chooses for himself, although the purpose for which he buys is known to the vendor. Hare on Contracts, p. 490.
The defendants ask for the application of that rule to this case, but it cannot be applied because upon the undisputed evidence it appears that no question, of the fitness of the goods for the purpose for which they were bought is. here involved.
The defendants set up a counter-claim for damages for the refusal of the plaintiffs to deliver to them certain flannels which they (the defendants) had contracted to sell to the United States government. The refusal of the plaintiffs to perform their alleged agreement to. deliver the flannels is the grievance of which the defendants complain. The quality of the flannels, or the fitness of them for the purpose for which the defendants designed them, is not, nor could it be, a subject of dispute.
*685 The government was ready and willing to accept the flannels. The defendants asked nothing more than the plaintiffs should deliver the .flannels, and the only reason why they were not delivered was that the defendants and the plaintiffs could not agree as to the time at which a balance payable to the plaintiffs for other goods should be paid. There might have been a question as to which were right, the plaintiffs or the defendants, in the controversy over the payment of the bill for other goods, but the parties have not litigated that question.
The only question argued before us is entirely outside of the case that is made by the evidence.
The referee was correct in his conclusions that the judgment must be affirmed, with costs.
Larremore, C. J., and Daly, J., concur.